OPINION
Plaintiff-appellant, Doreen K. Shay, appeals summary judgment in favor of defendants-appellees, Parkfield, Inc., Madison Marquette Realty Services, David Mattison, and Jay Botsch (hereafter jointly referred to as "Parkfield"). Shay complains that the trial court erred in dismissing her employment contract and negligence claims against Parkfield. Shay also argues that she is entitled to a determination on whether Parkfield fired her for "just cause."
In 1989, Shay was hired as a full-time customer service supervisor by the previous owner of Forest Fair Mall. Parkfield, Inc. subsequently purchased the mall, and Madison Marquette Realty managed the mall for Parkfield, Inc. Neither Parkfield, Inc. nor the mall's former owner made any promises to Shay regarding the duration of her employment. In fact, in January 1992, Parkfield, Inc. gave Shay an employment manual that provided in part that it reserved "the absolute right and sole discretion to terminate and/or lay off any employee at any time with or without cause * * *. The employee has the absolute right to terminate his or her employment at any time for any reason."
In 1992, Jay Botsch became Shay's supervisor and assigned additional duties to Shay. In March 1994, Shay complained to Botsch and his supervisor, David Mattison, that it was becoming increasingly difficult for her to accomplish all of her duties. Sometime that spring, Shay's personal physician diagnosed her as suffering from anemia and chronic fatigue syndrome and suggested that she undertake a restricted work schedule. Shay used vacation time and short term disability time to lesson her work load from forty to thirty hours per week.
After Shay exhausted her vacation time, Parkfield notified her on June 1, 1995, that she would be terminated unless she accepted one of three options: She could return to her supervisory position forty hours per week; she could become a full-time service attendant at reduced pay and with a restricted work schedule of thirty hours per week; or she could accept a part-time position as a service attendant at reduced pay and with hours ranging from twenty to twenty-five hours per week. Shay did not chose any of the three options. Instead, Shay's husband directed Parkfield's attention to a May 31, 1995, memorandum Shay had previously delivered to her employer. In that memorandum, Shay indicated that she did not want to resign as a customer service supervisor, but was not able to return to a forty hour work week.
Parkfield notified Shay on June 5, 1995, that her employment was terminated effective June 1. Parkfield subsequently challenged Shay's claim for unemployment compensation and filed a report with the Ohio Bureau of Employment Services stating that it terminated Shay for "just cause."
On October 23, 1995, Shay filed a complaint against Parkfield claiming breach of an employment contract, negligence in failing to conform to standards of care owed by an employer to an employee, and intentional infliction of physical and emotional harm. On June 25, 1996, Parkfield filed a motion for summary judgment. The trial court granted Parkfield's motion on October 29, 1996.
On appeal, Shay sets forth three assignments of error. Shay argues under her first assignment of error that the trial court improperly applied the "employment-at-will" doctrine in granting summary judgement on her employment contract claim. Shay suggests that Parkfield breached the terms of an implied contract when it assigned her additional responsibilities during the course of her employment, "resulting in the impossibility of full performance." Shay argues that this breach occurred before she was terminated and that the employment-at-will doctrine therefore does not apply.
"Unless otherwise agreed, either party to an oral employment-at-will contract may terminate the employment relationship for any reason not contrary to law." Mers v. Dispatch Printing Co. (1985), 19 Ohio St.3d 100, paragraph one of the syllabus. Shay's argument that the employment-at-will doctrine does not apply to her is a shallow attempt to avoid application of that well-established doctrine. Shay cites no authority for her position, and her argument is not persuasive.
Regardless of the employment-at-will doctrine, however, Shay has failed to point to anything in the record to support her claim that Parkfield breached any express or implied contract. Shay produced evidence that Parkfield increased her employment responsibilities during her employment, but there is no indication that Parkfield ever expressly or impliedly agreed that her duties would remain static. Shay has not demonstrated there exists any genuine issue of material fact to support her claim that Parkfield breached of an implied employment contract. Shay's first assignment of error is overruled.
In her second assignment of error, Shay complains that the trial court improperly dismissed her negligence claim against Parkfield. Shay cites R.C. 4101.11 for the proposition that an employer owes a duty to protect the life, health, safety, and welfare of employees. R.C. 4101.11, commonly referred to as a "frequenter" or "safe-place" statute, is "no more than a codification of the common-law duty owed by the owner or occupier of premises to business invitees to keep his premises in a reasonably safe condition and to give warnings of latent or concealed perils of which he has, or should have, knowledge." Westwood v. Thrifty Boy Super Markets, Inc. (1972), 29 Ohio St.2d 84,86.
The passage of the Ohio Workers' Compensation Act has rendered R.C. 4101.11 largely obsolete. See Ford Motor Co. v. Tomlinson (C.A. 6, 1956), 229 F.2d 873, 879. After imposition of the workers' compensation system in Ohio, an employee's sole remedy against a complying employer for a non-intentional injury occurring during the course of employment is a workers' compensation claim. See R.C. 4123.74. Since Shay has not alleged that Parkfield was not in compliance with the workers' compensation law, R.C. 4123.74 precludes Shay's negligence action against her employer.[1] Shay's second assignment of error is overruled.
Shay argues under her third assignment of error that she is entitled to a determination on whether or not she was fired for "just cause." Shay suggests that Parkfield's assertion before the Ohio Bureau of Employment Services that she was fired for "just cause" is somehow inconsistent with the employment-at-will doctrine cited by the trial court in granting summary judgment on her breach of contract claim. Shay cites no authority for this proposition, and her reasoning is neither logical nor persuasive. Parkfield's contention before the Bureau of Employment Services that it fired Shay for "just cause" is not inconsistent with its argument in this case that it was entitled to fire Shay at any time for any reason or for no reason. The trial court did not deny Shay the opportunity to challenge Parkfield's claim that it fired her for cause. Shay can challenge that claim before the Bureau of Employment Services and on appeal from any decision the bureau may issue. Shay's third assignment of error is overruled.
Judgment affirmed.
WALSH and POWELL, JJ., concur.
[1] Shay also set forth an intentional tort claim against Parkfield, but she did not raise that issue in any of her three assignments of error on appeal.